**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| L.C.N., A MINOR, BY AND THROUGH GUARDIAN AD LITEM SABRA N. COULTER; L.D.C., A MINOR, BY AND THROUGH GUARDIAN AD LITEM MADIERA A. STRIBLING; N.N.M., A MINOR, AND B.D.M. A MINOR, BY AND THROUGH GUARDIAN AD LITEM TERLIN MARTIN; C.E.C., A MINOR, BY AND THROUGH GUARDIAN AD LITEM KAREN D. VELEZ; A.S.H., A MINOR, AND N.G.H., A MINOR, BY AND THROUGH GUARDIAN AD LITEM, MIRANDA N. HERNANDEZ; P.G., A MINOR, BY AND THROUGH GUARDIAN AD LITEM CHELSEA PETERSEN; Z.D.D., A MINOR, BY AND THROUGH GUARDIAN AD LITEM CHELSIE R. DAVIS; A.L.R.H., A MINOR, BY AND THROUGH GUARDIAN AD LITEM SARAH E. HARLOW; B.K.L., A MINOR, BY AND THROUGH GUARDIAN AD LITEM TINA LONG; R.D.I., A MINOR, BY AND THROUGH GUARDIAN AD LITEM CASANDRA M. ISZA; B.D., A MINOR, BY AND THROUGH GUARDIAN AD LITEM LAURA GELLINGER; L.L., A MINOR, BY AND THROUGH GUARDIAN AD LITEM CRYSTAL G. LYLES; R.S.B., A MINOR, BY AND THROUGH GUARDIAN AD LITEM IEISHA BANKS; B.M.C., A MINOR, BY AND THROUGH GUARDIAN AD LITEM ASTACIA B. CROOM; R.M., A MINOR, BY AND THROUGH GUARDIAN AD LITEM PUJA MAVANI; M.M, A MINOR, BY AND THROUGH GUARDIAN AD LITEM APRIL MALLORY, | Civil Action No. |
| Plaintiffs, | |
| V. | |
| HAIN CELESTIAL GROUP, INC.; BEECH-NUT NUTRITION COMPANY; GERBER PRODUCTS COMPANY; NURTURE, LLC; | |

1

| | |
|---|---|
| PLUM, PBC, D.B.A. PLUM ORGANICS; AND WALMART INC, | |
| Defendants. | |

**NURTURE, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nurture, LLC (hereinafter, "Nurture"), by and through its undersigned counsel, hereby removes and gives notice of the removal of the above-styled action from the Superior Court of the State of Delaware (the "State Court Action"), Case No. N24C-03-085 SPL.

Nurture files this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. The grounds for removal are as follows:

**I.      THE REMOVED CASE**

1.      The removed case is a civil action initially filed on March 8, 2024 in the Superior Court of the State of Delaware by 18 plaintiffs, styled *L.C.N., a Minor, by and through Guardian ad Litem Sabra N. Coulter; L.D.C., a Minor, by and through Guardian ad Litem Madiera A. Stribling; N.N.M., a Minor, and B.D.M. a Minor, by and through Guardian ad Litem terlin Martin; C.E.C., a Minor, by and through Guardian ad Litem Karen D. Velez; A.S.H., a Minor, and N.G.H., a Minor, by and through Guardian ad Litem, Miranda N. Hernandez; P.G., a Minor, by and through Guardian ad Litem Chelsea Petersen; Z.D.D., a Minor, by and through Guardian ad Litem Chelsie R. Davis; A.L.R.H., a Minor, by and through Guardian ad Litem Sarah E. Harlow; B.K.L., a Minor, by and through Guardian ad Litem Tina Long; R.D.I., a Minor, by and through Guardian ad Litem Casandra M. Isza; B.D., a Minor, by and through Guardian ad Litem Laura Gellinger; L.L., a Minor, by and through Guardian ad Litem Crystal G. Lyles; R.S.B., a Minor, by and through Guardian ad Litem Ieisha Banks; B.M.C., a Minor, by and through Guardian ad*

*Litem Astacia B. Croom; R.M., a Minor, by and through Guardian ad Litem Puja Mavani; M.M, a Minor, by and through Guardian ad Litem April Mallory, v. Hain Celestial Group, Inc.; Beech-Nut Nutrition Company; Gerber Products Company; Nurture, LLC; Plum, PBC d.b.a. Plum Organics; and Walmart Inc*, Case No. N24C-03-085 SPL.

2. A true and accurate copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

## II. COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

3. Generally, a Notice of Removal must be filed within 30 days after the receipt by Defendant of the initial pleading. *Id.* § 1446(b)(1). The Supreme Court has clarified that the 30-day period does not begin to run until the plaintiff has effectuated formal service of process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The filing of a summons or complaint alone does not trigger the removal clock. *Id.* at 347-48.

4. In Delaware, the filing and service of a complaint as provided by 8 Del. C. § 321, 10 Del. C. § 3111, and Rules 4(c) and 4(f) of the Delaware Supreme Court's Rules of Civil Procedure triggers the 30-day removal deadline under 28 U.S.C. § 1446(b)(1).

5. Plaintiffs filed their Complaint in the Superior Court of the State of Delaware on or about March 8, 2024.

6. Nurture avers that no defendant has been properly served with the Complaint, which means the 30-day deadline to remove this case has not yet been triggered. 28 U.S.C. § 1446(b)(2)(B)[1].

7. Contemporaneous with the filing of this Notice of Removal, Nurture will give written notice thereof to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Delaware. 28 U.S.C. § 1446(d).

---

[1] While Nurture maintains that service has not been made on any Defendant, Nurture received a copy of a "service copy" of the complaint on March 8, 2024. This "service copy" did not include a signed summons issued by the Prothonotary of New Castle County as required by the Superior Court Civil Rules, was not made by the Sheriff, and was otherwise deficient.

8. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because each of the requirements for removal are satisfied; complete diversity exists among the parties prior to the service of the Complaint on any forum defendant in accordance with *Encompass Ins. Co. v. Stone Mansion Rest.*, 902 F.3d 147 (3d Cir. 2018), and the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs. *See* 28 U.S.C. §§ 1332, 1441, 1446.

### III.    JURISDICTIONAL BASES FOR REMOVAL

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, which vests a District Court with original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000, exclusive of interests, fees, and costs. As set forth below, this action satisfies both requirements.

#### A.    Complete Diversity of Citizenship Exists

10. Each of the 18 plaintiffs is alleged to be a resident of Indiana. *See* Exhibit A ¶ 12.

11. A corporation is considered a citizen of the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

12. Upon information and belief, Defendant Gerber Products Company ("Gerber") is and was at the time this action was commenced, a corporation organized under the laws of Michigan with its principal place of business in Virginia. *See* Exhibit A ¶ 7.

13. Therefore, Gerber is a citizen of Michigan and Virginia for purposes of determining diversity.

14. The remaining named Defendants are forum defendants that have not been properly served.

4

15. Upon information and belief, Defendant Hain Celestial Group. Inc. ("Hain") is, at the time of removal, and was, at the time Plaintiffs initiated this action, a foreign corporation organized under the laws of Delaware with its principal place of business in New Jersey.

16. Therefore, Hain is a citizen of Delaware and New Jersey for purposes of determining diversity.

17. Upon information and belief, Defendant Beech-Nut Nutrition Company ("Beech-Nut") is, at the time of removal, and was, at the time Plaintiffs initiated this action, a Delaware corporation with its principal place of business in New York.

18. Therefore, Beech-Nut is a citizen of Delaware and New York for purposes of determining diversity.

19. Defendant Nurture is, at the time of removal, and was, at the time Plaintiffs initiated this action, is a limited liability company organized under the laws of Delaware with its principal place of business in New York. Because Nurture is an LLC, it is a citizen of every state of which its members are citizens. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3rd Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."). At the time of the filing of the First Amended Complaint and this Notice of Removal, the other relevant LLC entities up the corporate chain (for purposes of diversity) are:

    a. Nurture, LLC's sole member is Happy Family Holding Company, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

b. The sole member of Happy Family Holding Company, LLC is Danone US, LLC, which is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

c. The sole member of Danone US, LLC is Danone US, Inc., which is a corporation organized under the laws of Delaware with its principal place of business in New York. *See Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3rd Cir. 2003) (quoting U.S.C. § 1332(c)) ("A corporation is deemed a citizen 'of any State by which it has been incorporated and of the State where it has its principal place of business.'").

20. Therefore, Nurture is a citizen of Delaware and New York for purposes of determining diversity.

21. Upon information and belief, Defendant Plum, PBC ("Plum") is, at the time of removal, and was, at the time Plaintiffs initiated this action, a foreign public benefit corporation organized under the law of Delaware with its principal place of business in California.

22. Therefore, Plum is a citizen of Delaware and California for purposes of determining diversity.

23. Upon information and belief, Defendant Walmart Inc. ("Walmart") is, at the time of removal, and was, at the time Plaintiffs initiated this action, a Delaware corporation with its principal place of business in Arkansas.

24. Therefore, Walmart is a citizen of Delaware and Arkansas for purposes of determining diversity.

25. Plaintiffs are citizens of Indiana. Defendants are collectively citizens of one or more of the following states: Arkansas, California, Delaware, Michigan, New Jersey, New York, and Virginia. No plaintiff is a citizen of any state in which a defendant is a citizen.

26. Nurture therefore avers that complete diversity of citizenship exists in this case at the time of removal in light of the decision of the U.S. Court of Appeals for the Third Circuit in *Encompass Ins. Co. v. Stone Mansion Rest.,* 902 F.3d 147 (3d Cir. 2018).

**B.    No Forum Defendant Has Been Properly Served**

27. The "forum defendant rule" provides that "[a] civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

28. No Defendant, including any forum defendant, has been properly served in this action.

29. Thus, pursuant to 28 U.S.C. § 1441(b), this action is removable by Nurture because no party in interest properly joined *and served* as a defendant is a citizen of the State of Delaware, the state in which this action was brought.

30. The Third Circuit has made clear that "the plain meaning" of the statute "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Restaurant Inc*., 902 F.3d 147, 152 (3d. Cir. 2018). Finding no basis to contravene that plain meaning, the Court affirmed a decision denying a motion to remand where the in-state defendant removed the case before accepting service. *Id*. at 156.

31. The Third Circuit has held that, when dealing with issues of statutory construction, this Court's task is to:

> [G]ive effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

32. The language of 28 U.S.C. § 1441 is unambiguous. Removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined *and served.*" 28 U.S.C. § 1441(b). For that reason, the Third Circuit, as well as decisions from this Court and other courts, have applied the plain language of the federal removal statute to permit removal of an action before a forum defendant is served. *See, e.g.*, *Encompass*, 902 F.3d at 153 ("Congress' inclusion of the phrase 'properly joined and served' addresses a specific problem – fraudulent joinder by a plaintiff − with a bright-line rule"; holding pre-service removal of action involving forum-defendant proper based upon the plain language of the statute).

33. Indeed, even prior to the Third Circuit's resolution of this issue, several decisions of this Court reached the same conclusion. *See Young v. Bristol-Myers Squibb Co.*, No. 17-609, 2017 WL 2774735, at *2 (D. Del. June 27, 2017) ("the plain and unambiguous language of 1441(b) [i]s controlling," and a home-state defendant may validly remove to federal court prior to service), *Munchel v. Wyeth LLC*, No. 12-906, 2012 WL 4050072, at *2-4 (D. Del. Sept. 11, 2012) (denying motion to remand were removal was effectuated before a forum defendant was properly joined and served), *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *11 (D. Del. Jan. 23, 2009) (recommending the court deny remand where a properly joined and served non-forum defendant removed the action before the alleged forum defendant had been properly joined and served).

34. Accordingly, there is no applicable limitation on Nurture's right to remove the matter to this Court. *See Avenatti v. Fox News Network, LLC*, No. 20-CV-01541, 2021 WL

2143037, at *1 (D. Del. May 26, 2021), *aff'd,* 41 F.4th 125 (3d Cir. 2022) ("As a Delaware resident, Fox News ordinarily would not have been able to remove from Delaware state court to federal court ... [b]ut here it could do so because, when it removed, it had not yet been properly served.").

35. Congress has enacted legislation reaffirming that an action may be removed on the basis of diversity jurisdiction when a forum defendant is not properly joined or served at the time of removal. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended the removal and remand procedures in 28 U.S.C. § 1441, but retained the language in section 1441(b) that bars removal only if any "of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 § 103, 125 Stat. 758, 760 (2011) (emphasis added).

**C.     The Amount in Controversy Exceeds $75,000**

36. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

37. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

38. The general rule is that the amount in controversy should be decided from the face of the complaint. *Id*. at 145.

39. The Complaint includes claims from 18 separate plaintiffs, each of whom alleges a "brain injury" as a result of eating Defendants' baby food, which manifested as "Autism and related sequalae", "Autism and Attention-deficit hyperactivity disorder and related sequalae" or

"Attention-deficit hyperactivity disorder and related sequalae." *See, e g.*, Exhibit A, Complaint, ¶¶ 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 76, 80. Plaintiffs allege their injuries suffered include "lifelong" and "debilitating brain injur[ies]" which "permanently affect[] Plaintiffs' ability to live [] fulfilling li[ves]." *Id.* ¶ 1.

40. Plaintiffs' Complaint demands actual and compensatory damages, exemplary and punitive damages, fees and costs, interest, and other relief as the Court may deem just and proper. *Id.* ¶ 256.

41. Based on the nature of this action, the allegations in the Complaint, the permanent injuries alleged by 18 separate plaintiffs, and the compensatory and punitive damages sought, Nurture avers that the amount in controversy alleged exceeds $75,000, exclusive of interest and costs. *See Munchel v. Wyeth, et al.*, No. 12-906, 2012 WL 4050072, at *1 (D. Del. Sept. 11, 2012) (concluding the jurisdictional amount is satisfied because plaintiff alleged serious injuries).

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. Removal is Proper

42. Because Plaintiffs have not effectuated service upon any forum Defendant, any such Defendant's citizenship in Delaware is not an impediment to removal under 28 U.S.C. § 1441(b).

43. Because Plaintiffs have not properly served any Defendant, no consent to removal is required under 28 U.S.C. § 1446(b)(2)(A); *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009), *citing Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir.1985) ("In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal."). Nonetheless, Nurture avers that all Defendants consent to removal of this lawsuit pursuant to this Notice.

### B. Removal is Timely

47. Removal is timely under 28 U.S.C. § 1446(b) because this notice was filed prior to any forum Defendant being served with a copy of Plaintiffs' Summons and Complaint. *See Encompass Ins. Co.*, 902 F.3d 147; *see also* 28 U.S.C. §1441(b)(2).

### C. Venue Is Proper

48. The United States District Court for the District of Delaware embraces the locality in which the State Court Action is now pending, and thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

### D. Filing Of Removal Papers

49. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and docket in the State Action are attached hereto. *See* Exhibit B.

50. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Clerk of the Superior Court of the State of Delaware.

### E. Reservation of Rights

51. By filing this Notice of Removal, Nurture does not waive any arguments, defenses, or rights, all of which are hereby specifically reserved, including, without limitation all arguments, defenses, and rights related to personal jurisdiction. By consenting to this motion, no other defendant waives any arguments, defenses, or rights, all of which are hereby specifically reserved, including, without limitation all arguments, or defenses, and rights related to personal jurisdiction.

52. Nurture respectfully reserves the right to additional argument or evidence if Plaintiffs challenge this notice of removal.

**WHEREFORE**, Nurture, LLC. respectfully requests that the Court remove this action from the Superior Court of the State of Delaware to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: March 8, 2024

**DLA PIPER LLP (US)**

<u>/s/ Stephen H. Barrett</u>
Nancy Shane Rappaport (I.D. No. 3428)
Stephen H. Barrett (I.D. No. 5865)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5700
(302) 394-2341 (Fax)
nancy.rappaport@us.dlapiper.com
stephen.barrett@us.dlapiper.com

*Attorneys for Defendant, Nurture LLC*